IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sherrie Lynette Watters, | ) C.A. No. 0:12-cv-338-CMC |
| ) | |
| Plaintiff, | ) OPINION AND ORDER |
| ) | |
| v. | ) |
| ) | |
| William Thomas Kirk, Portable Facilities Holding, Inc., Porta-Jon of the Piedmont, Inc., and Porta-Jon of the Piedmont, LLC, | ) ) ) |
| ) | |
| Defendants. | ) |
| _____ | ) |

This matter is before the court on motion to dismiss for lack of personal jurisdiction filed by two of the four named Defendants. For the reasons set forth below, this motion is granted.

**BACKGROUND**

The motion to dismiss is pursued by Defendants Portable Facilities Holding, Inc. ("Portable Facilities"), and Porta-Jon of the Piedmont, Inc. ("Porta-Jon, Inc."). Portable Facilities is a Delaware corporation that is not registered to do business in South Carolina. Porta-Jon, Inc., was formerly a North Carolina corporation but was dissolved in 2007 when it merged into Defendant Porta-Jon of the Piedmont, LLC ("Porta-Jon, LLC").

Portable Facilities seeks dismissal on the grounds that it lacks sufficient contacts with South Carolina to be subject to jurisdiction in this state. It relies on the affidavit of Wayne Foley ("Foley affid.") who avers that Portable Facilities "is a Delaware corporation that has no revenue or employees and conducts no business in the State of South Carolina and is not registered to do business in South Carolina and has no connections to South Carolina whatsoever." Dkt. No. 5-1 ¶

3 (Foley affid.).  Foley further avers that Defendant William Kirk, whose actions are at issue in this litigation, was not employed by Portable Facilities.  *Id.* ¶ 5.[1]

Porta-Jon, Inc., seeks dismissal on the grounds that it ceased to exist on September 20, 2007, when it merged with Porta-Jon, LLC.  *Id.* ¶ 2.  Foley avers that Kirk was employed by the successor entity, Porta-Jon, LLC, not the dissolved corporation, Porta-Jon, Inc.  *Id.* ¶ 5.

Plaintiff filed an opposition memorandum in which she addresses only the arguments raised by Portable Facilities.  Dkt. No. 14 at 1.  Thus, she effectively concedes that Defendant Porta-Jon, Inc. should be dismissed.

Plaintiff argues that Portable Facilities is subject to jurisdiction in South Carolina because it "purposefully directed business activities towards South Carlina and has sufficient minimum contacts" with this state.  *Id.*  In support of this legal conclusion, she asserts that (1) "Portable [Facilities] is the parent company and/or owner of Defendant Porta-Jon"; (2) "Kirk was operating the truck with Portable [Facilities'] express permission"; and (3) "Kirk was Portable [Facilities'] employee . . . pursuant to the doctrine of respondeat superior."  *Id.* at 1-2 (citing complaint).[2] Beyond relying on these allegations, Plaintiff refers to her pre-suit negotiations with representatives

---

[1] This litigation arises out of a September 8, 2010 motor vehicle accident between a moped (driven by Plaintiff) and a truck (driven by Kirk).  Plaintiff alleges that Kirk was at fault.  She further alleges that he was employed by and driving a truck owned by one or more of the three entity Defendants.

[2] Plaintiff makes no distinction between Porta-Jon, Inc. and Porta-Jon, LLC in her responsive memorandum.  Instead, she refers simply to a Defendant identified as "Porta-Jon."  In addition, she lumps all three entity Defendants together in the caption as if they were a single entity: "Portable Facilities Holding, d/b/a Porta-Jon of the Piedmont, Inc. a/k/a Porta-Jon of the Piedmont, L.L.C." Dkt. No. 14 at 1. By contrast, the complaint lists these Defendants as three distinct entities. Plaintiff's modification of the caption in her responsive memorandum is not an amendment of the complaint and, consequently, has no legal effect – even if repeated by one or more Defendants. *See also* Dkt. No. 15 at 1 (repetition of erroneous caption in reply).

of Portable Facilities or its insurer as evidencing Portable Facilities' responsibility for Kirk's actions. *Id.* at 2. This reference is supported by her attachment of correspondence from the insurer. Dkt. Nos. 14-1, 14.2. Both letters from the insurer list the insured as "Portable Facilities Holdings."

After noting that she relies on her "conten[tion] that Portable [Facilities] is the owner and/or parent company of Porta-Jon," Plaintiff argues that "[i]t is impossible to know at this stage of the litigation exactly what the particular relationship and business interaction Portable [Facilities] has with Porta-Jon and the truck drivers." *Id.* at 3-4 (noting that Portable Facilities at least "provides liability insurance to the vehicles and/or drivers of Porta-Jon trucks"); *see also id.* at 4 (arguing minimum contacts exist because "Portable [Facilities] owns and probably operates Porta-Jon, a company that operates throughout South Carolina. Portable [Facilities] provides the liability insurance to drivers and vehicles of Porta-Jon trucks that operate throughout South Carolina. Lastly, Portable [Facilities] has designs on a leadership position of portable restrooms across the Carolinas.").

In their reply, the moving Defendants note that Plaintiff did not challenge the dismissal of Porta-Jon, Inc. As to Portable Facilities, they submit a supplemental affidavit by Foley who avers that Portable Facilities plays no role in the day-to-day operations of Porta-Jon, LLC, and has no ownership interest in the vehicle involved in the accident. Foley concedes Portable Facilities obtained an insurance policy which provided coverage for subsidiaries which included Porta-Jon, LLC as one of the named insureds.

**STANDARD**

Federal courts may exercise personal jurisdiction over defendants in the manner and to the extent provided by state law. Fed. R. Civ. P. 4(k)(1)(A); *ESAP Group, Inc. v. Centricut, Inc.,* 126

F.3d 617, 622 (4th Cir. 1997). When the exercise of jurisdiction is challenged and the court resolves the issue without an evidentiary hearing, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *New Wellington Financial Corp. v. Flagship Resort Development Corp.,* 416 F.3d 290 (4th Cir. 2005) ("When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). 'But when, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge.' *Id.*" ); Wright & Miller, *Federal Practice and Procedure* § 1067.6 ("Wright & Miller") ("Although the Supreme Court never had spoken to the burden of persuasion question [before 1985], it has been held uniformly in the lower federal courts that the burden of making a prima facie showing of the existence of personal jurisdiction falls on the plaintiff [.]"). To satisfy that threshold, Plaintiff must present at least some evidence in support of its position. Wright & Miller § 1067.6 (the *prima facie* showing "must be based on affirmative proof beyond the pleadings, such as affidavits, testimony or other competent evidence of specific facts"); *id.* ("When a defendant provides affidavits to support a Rule 12(b)(2) motion, the plaintiff may not simply rest on the allegations of the complaint.")

## DISCUSSION

### I.     DISMISSAL OF PORTA-JON OF THE PIEDMONT, INC.

The court agrees that Plaintiff has abandoned any argument against dismissal of Porta-Jon of the Piedmont, Inc. This now dissolved corporation is, therefore, dismissed without prejudice.

**II.     DISMISSAL OF PORTABLE FACILITIES HOLDING, INC.**

Defendant Portable Facilities has presented evidence, in the form of two affidavits of Foley, that its only connection to the events at issue in this action is its role as parent corporation which included procuring insurance coverage for its subsidiaries. Plaintiff has failed to present any contrary evidence. Thus, Portable Facilities' evidence is uncontroverted.

Neither Portable Facilities' status as parent corporation nor its administrative role in procuring insurance for its subsidiary are sufficient to support the assertion of personal jurisdiction.[3] *See Gray v. Riso Kagaku Corp.*, 1996 WL 181488 (4th Cir. 1996) (unpublished) (finding insufficient connection between parent and subsidiary to support jurisdiction despite parent corporation's cash infusions to subsidiary, overlapping boards, parent's control over some aspects of subsidiaries' operations, and other factors); *Builder Mart of Am., Inc. v. First Union Corp.*, 563 S.E.2d 352, 358 (S.C. App. 2002) (considering the following factors in deciding whether jurisdiction over parent corporation is permissible based on in-state presence of subsidiary and noting that all four must support jurisdiction "(1) common ownership, (2) financial independence, (3) degree of selection of executive personnel and failure to observe corporate formalities, and (4) the degree of control over marketing and operational policies") *overruled on other grounds by Farmer v. Monsanto Corp.,* 579

---

[3] The holding here is limited to a determination that procuring liability insurance for a subsidiary is not, alone, enough to establish the existence of jurisdiction over the parent company in those locations where the subsidiary might be subject to suit for an event covered by that insurance. This is not to say that the insurance policy is entirely irrelevant to the jurisdictional analysis. It might, for example, combine with other evidence to support a finding that the parent company has so involved itself in the affairs of the subsidiary as to warrant a finding of general jurisdiction wherever the subsidiary is located for jurisdictional purposes. Alternatively, the policy might be evidence that the parent company has an ownership interest in the things to which the liability coverage relates (for example, it might establish that the vehicle involved in the accident was owned by the parent corporation, thus controverting Foley's affidavit). Such evidence might support specific jurisdiction over the parent company for purposes of an accident involving the things "owned."

S.E.2d 325 (S.C. 2003) (addressing application of door-closing statute); *see also Andresen v. Diorio,* 349 F.3d 8 (1st Cir. 2003) (out-of-state parent corporation's alleged financial and policy control over in-state subsidiary was not sufficient to support personal jurisdiction absent showing that parent's control was so pervasive and detailed as to invoke sham or alter ego labels).

As explained in Wright & Miller:

When a subsidiary of a foreign corporation is carrying on business in a particular jurisdiction, the parent company is not automatically subject to jurisdiction in that state because of the presumption of corporate separateness. Thus, if the subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent and is not acting as merely one of its departments, personal jurisdiction over the parent corporation may not be acquired simply on the basis of the local activities of the subsidiary company.

Wright & Miller § 1069.4.

Portable Facilities has presented evidence that its connection with South Carolina is limited to the normal attributes of a parent-subsidiary relationship. Plaintiff has presented no evidence to the contrary. It follows that Plaintiff has failed to establish a *prima facie* case for the assertion of personal jurisdiction over Defendant Portable Facilities.

## CONCLUSION

For the reasons set forth above, the court grants the motion to dismiss Defendants Porta-Jon of the Piedmont, Inc. and Portable Facilities Holding, Inc. The dismissal is without prejudice to Plaintiff's right to explore the issue of the connection between Portable Facilities and the remaining Defendants through discovery, including discovery regarding the scope and nature of the insurance policy referenced above. If evidence of sufficient contacts is established, Plaintiff may move to amend the complaint to add Portable Facilities as a Defendant, so long as she does so within the period allowed for amending the pleadings.

    IT IS SO ORDERED.

                                                s/ Cameron McGowan Currie  
                                                CAMERON MCGOWAN CURRIE  
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
March 12, 2012